1   Deborah M. Nelson, Esq. (State Bar No. 23087)
    nelson@nelsonboydlaw.com
2   Jeffrey D. Boyd, Esq. (State Bar No. 41620)
    boyd@nelsonboydlaw.com
3   NELSON BOYD, PLLC
    1700 Seventh Avenue, Suite 2220
4   Seattle, WA  98101
    Telephone:  (206) 971-7601
5
    *Attorneys for Plaintiffs*
6

7

8                      IN THE UNITED STATES COURT
9                   DISTRICT OF WASHINGTON (TACOMA)

10

11  CHERYL ROSS, WILFRED SOMERS,
    VIVIAN SOMERS, and all others similarly        CIVIL ACTION NO.:_____
12  situated,

13            PLAINTIFF,                           CLASS ACTION COMPLAINT

14       vs.                                       DEMAND  FOR JURY TRIAL

15  BANK OF AMERICA CORPORATION,

16            DEFENDANT.

17

18                     **CLASS ACTION COMPLAINT**

19          Plaintiffs CHERYL ROSS, WILFRED SOMERS, and VIVIAN SOMERS, individually

20  and on behalf of all others similarly situated (the "Class"), bring this class action against

    Defendant BANK OF AMERICA CORPORATION (referred to as "Bank of America" or the
21
    "Company").  Plaintiffs seek certification of this matter as a class action.  Plaintiffs, by and
22
    through their attorneys, submit this Class Action Complaint (the "Complaint") against the
23
    defendant named herein and allege as follows:

Complaint - Page 1

## NATURE OF THE ACTION

1.      This proposed or putative class action stems from the illicit activities undertaken by Bank of America while marketing and selling products associated with their credit cards known as "Payment Protection," "Payment Protection Plus" and other monikers that all offer similar coverage (hereinafter collectively referred to as "Payment Protection").

2.      Although Bank of America's Payment Protection is indistinguishable from a contract of credit insurance, Payment Protection is not marketed or sold as insurance.  Bank of America does not register Payment Protection with the Washington State Office of the Insurance Commissioner, thereby avoiding state regulation.

3.      Bank of America violated the law not only through the sale of a product that should be – but is not, due to its unlawful activities – subject to insurance regulations, but also by the deceptive and misleading manner in which it offers the Payment Protection plan to consumers, and the manner in which it administers claims for benefits by consumers.

4.      Bank of America markets Payment Protection through direct mail and telemarketing.  It represents Payment Protection as a service that suspends or cancels the required minimum monthly payment due on the subscriber's credit card account and excuses the subscriber from paying the monthly interest charge and the Payment Protection plan fee for a limited period of time, preventing the account from becoming delinquent.  Bank of America's marketing for this product claims that "You've got help to stay on track when life gets expensive" and "Life is unpredictable.  Be prepared with Payment Protection Plus."[1]

5.      Despite its simple explanation for marketing purposes, Bank of America's

---

[1] https://www9.bankofamerica.com/insurance/protection/credit-protection/overview.go
last viewed on 11/12/10.

Complaint - Page 2

Payment Protection plan is a dense maze of limitations, exclusions and restrictions, making it impossible for customers to determine what Payment Protection covers and whether it is a sound financial choice. Bank of America makes no effort to determine whether a subscriber is eligible for Payment Protection benefits at the time of sale.  As a consequence, the Company bills thousands of retired persons (many of whom are senior citizens), along with the unemployed, self-employed, part-time or seasonal Washington residents, as well as disabled individuals, for Payment Protection coverage, even though their employment or health status prevents them from receiving benefits under the plan.

6.      Further, Bank of America makes no effort to determine whether subscribers become ineligible for Payment Protection benefits after the plan is sold.  Accordingly, when subscribers' employment or health statuses change, they will continue to pay for the product even though they may no longer be eligible for benefits under the plan.

7.      Upon information and belief, Bank of America requires customers to enroll for Payment Protection coverage <u>before</u> it provides subscribers with the terms and conditions of the plan.  It then allegedly offers a 30 day window within which a subscriber may affirmatively cancel the plan.  By not adequately disclosing the terms of Payment Protection coverage to consumers <u>before</u> they buy the product, Bank of America is violating – among other things – Washington's Consumer Protection Act.  RCW 19.86.090.

8.      Upon information and belief, days or weeks after the sale of Payment Protection, Bank of America may in some instances mail written material to the subscriber.  Given the confusing way the written materials present the terms and conditions of Payment Protection, it would be extremely difficult for a subscriber to decipher those provisions.

9.      However, Bank of America has established its "customer service" support in

Complaint - Page 3

1    such a way that subscribers cannot easily cancel the plan or receive answers to benefit

2    questions.  It has established its "claim filing" system such that subscribers cannot easily file

3    claims or receive benefits for filed claims.

4            10.    Bank of America does not refund Payment Protection premiums even after it has

5    denied subscribers claims for Payment Protection benefits, nor does it address subscribers'

6    continued obligations to pay the monthly fee for Payment Protection after a claim has been

7    denied.

8            11.    Payment Protection is so confusing as to when coverage is triggered, so

9    restricted in terms of the benefits it provides to subscribers, and processing claims is made so

10   difficult by Bank of America, that the product is essentially worthless.

11           12.    Bank of America knows that for those subscribers who choose to pay for

12   Payment Protection, few will ever receive benefits under the plan and even for those that do,

13   the amounts paid in "premiums" will usually exceed any benefits paid out.

14           13.    As a result of Payment Protection, Bank of America has increased its profits by

15   many millions of dollars, all thanks to a product which provides no benefits to thousands of

16   Washington residents who are nevertheless charged for the product month in and month out.

17                                  **JURISDICTION AND VENUE**

18           14.    This Court has jurisdiction over this matter pursuant to the Class Action Fairness

19   Act, 28 U.S.C. § 1332(d) in that:

20                  (a)  This is a class action involving 100 or more class members,

21                  (b) Plaintiff, a citizen of the State of Washington, is diverse in citizenship from
                     Defendant BANK OF AMERICA CORPORATION which is incorporated in
22                  Delaware and has principal places of business in North Carolina.

23

Complaint - Page 4

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

15.     This case is properly maintainable as a class action pursuant to and in accordance with Rule 23(a) of the Federal Rules of Civil Procedure in that:

- The class, which includes an unknown number of persons but certainly more than 100, is so numerous that joinder of all members is impractical;

- There are substantial questions of law and fact common to the class including those set forth in greater particularity in Paragraph 73 herein;

- This case is properly maintainable as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

   a.    questions of law and fact enumerated below, which are all common of the class, predominate over any questions of law or fact affecting only individual members of the class;

   b.    a class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

   c.    the relief sought in this class action will effectively and efficiently provide relief to all members of the class; and

   d.    there are no unusual difficulties foreseen in the management of this class action.

16.     The Court has personal jurisdiction over Bank of America, which has at least minimum contacts with the state of Washington because it has conducted business there and has availed itself of Washington's markets through its promotion, sales, and marketing efforts.

17.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

18.     This Court is a proper venue in which to bring this action, pursuant to 28 U.S.C. § 1391, inasmuch as a substantial part of the events or omissions giving rise to the claims occurred within the district in which this Court sits.

**PARTIES**

Complaint - Page 5

19.   Plaintiff CHERYL ROSS ("Ross") resides in Port Angeles, Clallam County, Washington.  Since at least 2009, Ms. Ross has had one credit card in her name from Bank of America bearing Payment Protection features.

20.   Plaintiffs WILFRED SOMERS and VIVIAN SOMERS (hereinafter collectively "Somers") are husband and wife and reside in Port Angeles, Clallam County, Washington. Since at least 2007, Mr. and Mrs. Somers have had one credit card in the name of one or both of them from Bank of America bearing Payment Protection features.

21.   Defendant BANK OF AMERICA CORPORATION is a Delaware corporation that maintains corporate headquarters in Charlotte, North Carolina.

### FACTUAL ALLEGATIONS

22.   Bank of America is one of the three largest general purpose credit card issuers in the United States and in 2009 was third in the country in purchase volume for the general purchase credit cards.  For the first six months of 2009, Bank of America had 16% of the market share by credit card issuer.  Upon information and belief, Payment Protection is a profit center for Bank of America.

23.   Bank of America advertises its Payment Protection Plus (hereinafter "Payment Protection") program as "an important safety net" to protect consumers' Bank of America credit card accounts "when times get tough, or when you go through a major life event." Payment Protection provides for some form of benefit upon the occurrence of "protected events," including involuntary unemployment, hospitalization, disability, family leave of absence, and loss of life.  Payment Protection also provides payment for a limited period of time upon the occurrence of a "life event," defined as marriage, childbirth, adoption, college, a home move, and other life-changing events.

Complaint - Page 6

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

24.     Bank of America represents that its Payment Protection safeguards cardholders' accounts by allowing a forbearance on monthly minimum payment obligations upon the occurrence of certain typical life events (illness, unemployment, etc.) or possibly total forgiveness of certain debt amounts in the event of death, both subject to extensive exemptions and exclusions set forth in the fine print of documents which consumers typically receive, if at all, only after enrolling in the plan.  During the forbearance periods, Bank of America continues to assess Finance Charges, i.e. interest continues to accrue on the cardholders' account balance (including interest accruing on the portion of the account balance resulting from the imposition of the Payment Protection Plan fee).

25.     Bank of America makes no effort to determine whether a cardholder is eligible for Payment Protection benefits at the time of sale although, upon information and belief, Bank of America is in possession of information, such as date of birth and name of last employer, that would assist Bank of America in knowing whether a particular cardholder is eligible for Payment Protection.

26.     The terms of Bank of America's Payment Protection are complicated and difficult for a layperson to understand.  The restrictions, limitations, and exclusions associated with "protected events" and the proofs required to establish them are expansive and confusing.

27.     Bank of America requires customers to enroll for Payment Protection coverage *before* it provides subscribers with the terms and conditions of the plan.

28.     Days or weeks after the sale of Payment Protection, Bank of America may in some instances mail written material to the subscriber.  Given the confusing way the written materials present the terms and conditions of Payment Protection, it is extremely difficult for a subscriber to decipher those provisions.  According to the written materials, which are only

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

1    provided *after* subscribers have already been enrolled in the plan, there are numerous

2    restrictions and qualifications on Payment Protection coverage, but because these restrictions

3    are in small print and in incomplete, indecipherable, misleading, and obfuscatory language,

4    they are not readily comprehensible to subscribers.  It is virtually impossible for the subscriber

5    to determine all of the exclusions and limitations of Payment Protection, or the value of the

6    product, based on what is provided.

7        21.    After a subscriber is enrolled, the person may then affirmatively cancel the plan

8    through what Bank of America markets as a "30 day review period."  Bank of America shifts

9    its burden and duty of full disclosure prior to the sale to the customer and requires subscribers

10   to decipher the terms of the product after it has already been purchased and take action to

11   cancel it.  It characterizes this sales scheme as a review period during which consumers can

12   cancel their enrollment within 30 days of the effective date and "al protection fees billed to

13   your account will be refunded via a credit to the protected card."[2]  In fact, the obligation is

14   affirmative: "You will be billed during the first 30 days; however, if you decide you do not

15   want to keep the protection you have 30 days from the Effective Date to cancel and receive a

16   full refund of the billed program fees."[3]

17       22.    Bank of America does not ask prospective subscribers whether they have certain

18   characteristics or meet certain factors that would bar them from being eligible for benefits

19   under Payment Protection, even though Bank of America has a common practice of limitations

20   on full coverage based on exclusions.

21            a.    For instance, upon information and belief, Washington retired persons

22

23   _____

[2] *See* https://www7.bankofamerica.com/insurance/protection/credit-protection/overview.go, last viewed 11/12/10.

[3]*See* https://www7.bankofamerica.com/insurance/tools/faqs.go#Payment Protection, last viewed 11/12/10.

Complaint - Page 8                                    **NELSON BOYD, PLLC**
                                                      1700 Seventh Avenue, Suite 2220
                                                      Seattle, WA  98101
                                                      (206) 971-7601

1   may be charged for Payment Protection even though they are categorically excluded

2   from receiving some of the benefits under the plan.  Bank of America does not ask

3   customers whether they are retired.

4          b.     Similarly, upon information and belief, the benefits for unemployment

5   are limited to those receiving unemployment insurance benefits (although not all

6   unemployed people are eligible for benefits) or, for self-employed, under certain

7   specific instances.  Bank of American does not ask customers whether they are self-

8   employed or so-called independent contractors.

9          c.     Further, part-time or seasonal workers are also limited or categorically

10  excluded from receiving benefits for loss of employment.  To qualify for benefits, one

11  needs to work at least 1,000 hours per year.  However, upon information and belief,

12  Bank of America makes no effort to investigate whether any of the Washington

13  consumers that pay for Payment Protection are part-time or seasonal.

14         d.     As another example, benefits for disability are limited for disabled

15  persons, who are only eligible if the disability begins 60 days or more after the effective

16  date of enrollment in Payment Protection and lasts for a minimum of 30 days, but Bank

17  of America nevertheless fails to affirmatively inform these individuals of the limitations

18  in benefits when they are enrolled.

19  23.    Bank of America sells Payment Protection to, or imposes Payment Protection

20  on, consumers through different channels, including direct mail marketing, through phone calls,

21  where the consumer may be asked to sign up when he or she activates the credit card, or

22  through unilaterally imposing the Payment Protection feature on a consumer's credit card.

23  24.    If Payment Protection is imposed without a consumer's consent, the only way

Complaint - Page 9

1   subscribers could ever know they have been enrolled in Payment Protection and are being

2   charged for this product is from noticing a line-item fee listed on their monthly credit card

3   statements.

4       25.    Payment Protection is so confusing as to when coverage is triggered, so

5   restricted in terms of the benefits it provides to subscribers, and processing claims is made so

6   difficult by Bank of America, that the product is essentially worthless.

7       26.    The cost of Payment Protection is a monthly charge of approximately $0.95 per

8   $100 of a subscriber's month-ending credit card balance.

9       27.    For example, if a Bank of America credit card customer has a balance on a

10   covered account of $10,000, as a Payment Protection subscriber, the customer could owe Bank

11   of America approximately $95.00 that month just for Payment Protection coverage.

12       28.    When claims for Payment Protection benefits are denied, Bank of America has

13   not implemented a process through which subscribers' Payment Protection premiums are

14   refunded, even if the subscribers are deemed to be have been ineligible from the beginning for

15   Payment Protection benefits.  In fact, if subscribers are denied Payment Protection benefits,

16   Bank of America does not affirmatively remove subscribers from Payment Protection

17   enrollment going forward.

18       29.    Bank of America makes it difficult for customers to get detailed information

19   about claim benefits or restrictions, to file claims, or to cancel Payment Protection and obtain a

20   refund if they do not want the program.

21       30.    Although heralded as coverage designed to protect a subscriber's credit card

22   account "precisely during the times you need it most" and give subscribers "peace of mind

23   protection for the unexpected," the Payment Protection device is virtually worthless because of

Complaint - Page 10

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

1    the numerous restrictions that are imposed, the exclusions of benefits, the hurdles that are

2    placed in the way of Washington subscribers who attempt to secure payments from Bank of

3    America under Payment Protection coverage, and based on a comparison of the fees charged

4    for Payment Protection against its benefits even in the best case scenario, given interest accrues

5    during periods of coverage.

6         31.    Bank of America employs its superior bargaining power to unilaterally impose

7    upon customers at the time of the sale of its Payment Protection Plus plan its so-called terms

8    and conditions, which include an arbitration clause with a waiver of purchasers , class action

9    remedies.  The terms and conditions, which are not contained in the Payment Protection Plus

10   Addendum that purportedly amends customers' Bank of America Credit Card Agreement

11   (except for a general reference to arbitration) but rather in the general Credit Card Agreement,

12   constitute contracts of adhesion. In practice, the terms and conditions would operate to exempt

13   Bank of America from its responsibility for its own fraud and willful injury to its customers.

14   Bank of America's Credit Card Agreement, with its arbitration and class action waiver clause,

15   is unconscionable and contrary to public policy and therefore is unenforceable against its

16   customers.

17        32.    Bank of America's Payment Protection policies and practices are both

18   substantively and procedurally unconscionable in the following material respects, among

19   others:

20        a.    Bank of America does not provide the terms and conditions of Payment

21   Protection to subscribers until after they have enrolled in the plan;

22        b.    Bank of America makes no effort and undertakes no investigation to

23   determine if a cardholder would qualify for Payment Protection coverage;

Complaint - Page 11

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

c.      Bank of America unilaterally imposes Payment Protection upon some of its customers' credit card accounts, thereby failing to disclose to customers that Payment Protection is an optional plan and that they are required to "opt out" of Payment Protection;

d.      Bank of America does not obtain affirmative consent from some subscribers prior to enrolling them in Payment Protection;

e.      The written documents that Bank of America does eventually provide to subscribers, referred to by Bank of America as a welcome package or welcome kit, do not provide subscribers with sufficient information to understand the terms and conditions of Payment Protection;

f.      The welcome package and related documents are contracts of adhesion in that they are standardized forms, imposed and drafted by Bank of America, which is a party of vastly superior bargaining strength, and only relegate to the subscriber the opportunity to adhere to them or reject the agreement in its entirety;

g.      The welcome package and related documents provided to customers are ineffective, ambiguous, deceptive, unfair, and misleading, in that they do not require affirmative customer consent (like a signature) and do not unambiguously state that certain customers might be ineligible to receive benefits, even though Bank of America had the information and means of determining eligibility prior to enrolling these customers in Payment Protection;

h.      Bank of America does not alert customers that certain individuals are ineligible for certain Payment Protection benefits.

i.      The amount charged in fees for Payment Protection is not rationally

Complaint - Page 12

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

related to the amount of value Payment Protection provides to subscribers, nor is the value of Payment Protection computable or discernible by subscribers;

j.      Bank of America charges exorbitant fees for Payment Protection, much more than the value of the benefits offered or paid out to subscribers;

k.      The formula Bank of America uses to compute Payment Protection fees is misleading such that subscribers are unable to budget for this product or understand its overall cost in order to determine its value to subscribers; and

l.      Bank of America makes it difficult for subscribers to obtain information about the terms and conditions of Payment Protection coverage, file claims, or cancel enrollment or obtain a refund if they did not want to enroll, in order for Bank of America to maximize the number of Payment Protection subscribers and minimize the amount of benefits it pays to these subscribers.

33.     Considering the great business acumen and experience of Bank of America in relation to Plaintiffs and the Class, the great disparity in the parties' relative bargaining power, the inconspicuousness and incomprehensibility of the contract language at issue, the oppressiveness of the terms, the commercial unreasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns, these provisions are unconscionable and, therefore, unenforceable as a matter of law.

34.     Plaintiffs and members of the Class have sustained damages as a result of Bank of America's unconscionable policies and practices as alleged herein.

### FACTUAL ALLEGATIONS AS TO PLAINTIFF CHERYL ROSS

35.     Cheryl Ross is a Washington resident.

Complaint - Page 13

36.     In approximately 1995, Ms. Ross became a Bank of America credit card holder. In approximately 2006, Ms. Ross became enrolled in Bank of America's Payment Protection plan.

37.     At all materials times, Ms. Ross was ineligible for Payment Protection benefits. From the time she enrolled in Payment Protection, up to and through the date when Payment Protection was canceled, Ms. Ross never held a full time job and experienced periods of complete unemployment.  Bank of America never inquired into Ms. Ross's employment status prior to enrolling her in Payment Protection or any time thereafter.

38.     Ms. Ross attempted to cancel Payment Protection, but was prevented from doing so by Bank of America.

39.     In June 2010, Ms. Ross started a Special Repayment Program with Bank of America to pay off her credit card balance.  This program lasts for sixty billing cycles.  As a result of admission into this program, Ms. Ross's Payment Protection Plan was cancelled, however, the debt that she is paying through the Special Repayment Program includes the charges for Payment Protection, as well as the interest charged on those fees.

## FACTUAL ALLEGATIONS AS TO PLAINTIFFS WILFRED SOMERS AND VIVIAN SOMERS

40.     Wilfred Somers is a Washington resident over the age of 65.  Mr. Somers retired in 1980 due to a physical disability.  Wilfred Somers is married to Vivian Somers.

41.     Vivian Somers is a Washington resident over the age of 65.  Mrs. Somers retired in 1990.  Vivian Somers is married to Wilfred Somers.

42.     Approximately nine years ago, Mr. and Mrs. Somers became Bank of America credit card holders.  They are co-signers or joint owners of one credit card with Bank of

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

1    America.  Mr. and Mrs. Somers became enrolled in Bank of America's Payment Protection

2    plan several years ago.

3           43.     At all materials times, Mr. and Mrs. Somers were each ineligible for Payment

4    Protection benefits.  From the time they enrolled in Payment Protection, up to and through the

5    date on which this Complaint was filed, both Mr. and Mrs. Somers were retired.  Bank of

6    America never inquired into either Mr. Somers' or Mrs. Somers' employment status prior to

7    enrolling them in Payment Protection or any time thereafter.

8           44.     Mr. and Mrs. Somers are still enrolled in Payment Protection.  Their credit card

9    account is still charged for Payment Protection every month even though they are ineligible to

10   collect Payment Protection benefits.

## CLASS ACTION ALLEGATIONS

12          45.     Plaintiffs bring this action on their own behalf and on behalf of a class of all

13   other persons similarly situated (the "Class"), pursuant to Rule 23 of the Federal Rules of Civil

14   Procedure.

15          46.     Plaintiffs bring this action as class representatives to recover damages and/or

16   refunds from Bank of America for consumer fraud as expressly defined in Washington's

17   Consumer Protection Act, RCW 19.86.090, injunctive relief and declaratory judgment, and

18   unjust enrichment.

19          47.     This action satisfies the numerosity, commonality, typicality, adequacy,

20   predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a)

21   and (b).

22          48.     Plaintiffs seek certification of a class comprised of the following Washington

23   citizens and consumers:

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

All residents of the state of Washington who (1) were solicited by BANK OF AMERICA to purchase Payment Protection; and (2) paid for Payment Protection ("Payment Protection Subscribers") at all times the product was sold.

49.     Plaintiffs seek certification of the following subset class comprised of the following Washington citizens and consumers:

All residents of the state of Washington who were not eligible for full benefits, or whose eligibility for benefits were limited by express exclusions, including but not limited to those Payment Protection subscribers who were retired, self-employed or part time or seasonal workers, or were disabled, either at the time that they were solicited for and made payments to Bank of America for Payment Protection, or any time thereafter while continuing to pay for Payment Protection.

50.     Plaintiffs reserve the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

51.     Excluded from the Class are:

a.      Defendant and any entities in which Defendant has a controlling interest;

b.      Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Defendant;

c.      The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

d.      Persons or entities with claims for personal injury, wrongful death and/or emotional distress;

e.      All persons or entities that properly execute and timely file a request for exclusion from the Class;

f.      Any attorneys representing the Plaintiff or the Class; and

g.      All governmental entities.

52.     <u>Numerosity – Fed. R. Civ. P. 23(a)(1)</u>.  The Class is comprised of over 100 people and possibly hundreds of thousands of individuals who were Bank of America customers, the joinder of which in one action would be impracticable.  The exact number or

Complaint - Page 16

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

1   identification of the Class members is presently unknown.  The identity of the Class members

2   is ascertainable.  In addition to rolls maintained by the Defendant and its agents, the Class

3   members may be located and informed of the pendency of this action by a combination of

4   electronic bulletins, e-mail, direct mail and public notice, or other means.  The disposition of

5   the claims of the proposed class members through this class action will benefit both the parties

6   and the Court.

7         53.    Predominance of Common Questions – Fed. R. Civ. P. 23(a)(2), 23(b)(3).  There

8   is a well-defined community of interest in the questions of law and fact involved affecting

9   members of the Class.  The questions of law and fact common to the Class predominate over

10   questions affecting only individual Class members, and include, but are not limited to, the

11   following:

12         a)    Whether Bank of America's sales, billing, and marketing scheme as
             alleged in this Complaint is fraudulent, deceptive, unlawful, and/or
13           unfair in violation of Washington law;

14         b)    Whether Bank of America's common and uniform sales, billing, and
             marketing schemes related to Payment Protection insurance as alleged in
15           this Complaint constitutes a deceptive trade practice as under
             Washington law;
16
           c)    Whether Plaintiffs and the Class members are entitled to restitution of all
17             amounts acquired by Bank of America through its common and uniform
             scheme;
18
           d)    Whether Plaintiffs and the Class members are entitled to injunctive relief
19             requiring the disgorgement of all wrongfully collected fees by Bank of
             America;
20
           e)    Whether Plaintiffs and the Class members are entitled to prospective
21             injunctive relief enjoining Bank of America from continuing to engage in
             the fraudulent, deceitful, unlawful, and unfair common scheme as
22             alleged in this Complaint; and

23         f)    Whether Plaintiffs and the Class members are entitled to recover
             compensatory and punitive damages as a result of Bank of America's

Complaint - Page 17

wrongful scheme.

54.     Typicality – Fed. R. Civ. P. 23(a)(3).  Plaintiffs assert claims that are typical of the entire Class, having all been targeted by Bank of America as consumers who were improperly assessed charges for Payment Protection, and having paid for this product. Plaintiffs and the Class members have similarly suffered harm arising from Bank of America's violations of the law as alleged in this Complaint.

55.     Adequacy – Fed. R. Civ. P. 23(a)(4); 23(g)(1).  Plaintiffs are adequate representatives of the Class because they fits within the class definition and their interests do not conflict with the interests of the Members of the Class they seek to represent.  Plaintiffs are passionate about this litigation personally and will prosecute this action vigorously for the benefit of the entire Class.  Plaintiffs are represented by experienced and able attorneys from coordinated law firms that will collectively and jointly serve as class counsel.  Class counsel have litigated numerous class actions, and Plaintiffs' counsel intend to prosecute this action vigorously for the benefit of the entire Class.  Plaintiffs and class counsel can fairly and adequately protect the interests of all of the Members of the Class.

56.     Superiority – Fed. R. Civ. P. 23(b)(3).  The class action is the best available method for the efficient adjudication of this litigation because individual litigation of Class Members' claims would be impracticable and individual litigation would be unduly burdensome to the courts.  Plaintiffs and members of the Class have suffered irreparable harm as a result of Bank of America's fraudulent, deceitful, unlawful, and unfair conduct.  Because of the size of the individual Class members' claims, no Class members could afford to seek legal redress for the wrongs identified in this Complaint.  Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses, as Bank of

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

America continues to engage in the unlawful, unfair, and unconscionable conduct that is the subject of this Complaint, and Bank of America would be permitted to retain the proceeds of their violations of law.  Further, individual litigation has the potential to result in inconsistent or contradictory judgments.  A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT ONE - BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING[4]

57.    Plaintiffs restate and re-allege the preceding paragraphs of the Complaint as though set out here word for word.

58.    Upon information and belief, Plaintiffs and Bank of America contracted for Payment Protection benefits.

59.    Upon information and belief, the terms and conditions of this agreement are embodied in written materials in the possession of Bank of America.

60.     In Washington, a covenant of good faith and fair dealing is implied in every contract.  Washington has adopted the concepts of general duties of good faith and fair dealing in the performance of a contract as advanced in the Restatement (Second) of Contracts § 205.

61.    Whether by common law or statute, all contracts impose upon each party a duty of good faith and fair dealing.  Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain.  Put differently, parties to a contract are mutually obligated to comply with the substance of their contract in addition to its

---

[4] Washington treats the breach of the covenant of good faith and fair dealing as a species of a breach of contract claim.  Accordingly, Plaintiffs plead these claims together, in a single count.

Complaint - Page 19

1   form. Evading the spirit of the bargain and abusing the power to specify terms constitute

2   examples of bad faith in the performance of contracts.

3       62.     Subterfuge and evasion violate the obligation of good faith in performance even

4   when an actor believes his conduct to be justified.  Bad faith may be overt or may consist of

5   inaction, and fair dealing may require more than honesty.  Examples of bad faith are evasion of

6   the spirit of the bargain; willful rendering of imperfect performance; abuse of a power to

7   specify terms; and interference with or failure to cooperate in the other party's performance.

8       63.     Bank of America has breached the covenant of good faith and fair dealing

9   inherent in the Payment Protection agreement.

10      64.     Plaintiffs and the Class have performed all, or substantially all, of the

11  obligations imposed on them in the Payment Protection agreement.

12      65.      Plaintiffs and members of the Class have sustained damages as a result of Bank

13  of America's breach of the covenant of good faith and fair dealing.

## COUNT TWO – UNCONSCIONABILITY

15      66.     Plaintiffs restate and re-allege the preceding paragraphs of the Complaint as

16  though set out here word for word.

17      67.     Bank of America's Payment Protection policies and practices are substantively

18  and procedurally unconscionable in the following material respects, among others:

19          a.     Upon information and belief, Bank of America unilaterally imposes
                    Payment Protection upon its customers' credit card accounts, thereby
20                  failing to disclose to customers that Payment Protection is an optional
                    plan and that they have the option to "opt out" of Payment Protection;
21
            b.     Upon information and belief, Bank of America did not obtain affirmative
22                  consent from subscribers prior to enrolling them in Payment Protection;

23          c.     Bank of America does not provide the terms and conditions of Payment
                    Protection to subscribers until after they have enrolled in the plan;

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

d.    The written documents that Bank of America does eventually provide to subscribers, does not provide subscribers with sufficient information to understand the terms and conditions of Payment Protection;

e.    The "congratulations" letter and brochure, along with other written materials in the possession of Bank of America, are contracts of adhesion in that they are standardized forms, imposed and drafted by Bank of America, which is a party of vastly superior bargaining strength, and only relegates to the subscriber the opportunity to adhere to them or reject the agreement in its entirety;

f.    These documents provided to customers are ineffective, ambiguous, deceptive, unfair, and misleading in that they do not require affirmative customer consent (like a signature) and do not unambiguously state that certain customers are *per se* ineligible to receive benefits, even though Bank of America had the information and means of determining eligibility prior to enrolling these customers in Payment Protection;

g.    Bank of America does not alert customers that certain individuals are *per se* ineligible for Payment Protection benefits, including but not limited to retired, unemployed, self-employed, persons employed on a part-time or seasonal basis and those that are disabled.

h.    The amount charged in fees for Payment Protection is not rationally related to the amount of value Payment Protection provides to subscribers, nor is the value of Payment Protection computable or discernable by subscribers;

i.    Bank of America charges exorbitant fees for Payment Protection, much more than the value of the benefits offered or paid out to subscribers, and is able to do so because Bank of America does not identify Payment Protection as an insurance product, which would require it to provide fees and claims-paid data to state authorities for review and regulation;

j.    The formula Bank of America uses to compute Payment Protection fees is misleading such that subscribers are unable to budget for this product or understand its overall cost in order to determine its value to subscribers; and

k.    Bank of America operates its customer service centers in such a way as to make it difficult for subscribers to cancel enrollment, obtain information about the terms and conditions of Payment Protection coverage, and file claims, in order for Bank of America to maximize the number of Payment Protection subscribers and minimize the amount of benefits it pays to these subscribers.

68.    Considering the great business acumen and experience of Bank of America in

Complaint - Page 21

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

1    relation to Plaintiffs and the Class, the great disparity in the parties' relative bargaining power,

2    the inconspicuousness and incomprehensibility of the contract language at issue, the

3    oppressiveness of the terms, the commercial unreasonableness of the contract terms, the

4    purpose and effect of the terms, the allocation of the risks between the parties, and similar

5    public policy concerns, these provisions are unconscionable and, therefore, unenforceable as a

6    matter of law.

7         69.    The imposition of Payment Protection fees which excessively exceed the amount of

8    claims-paid by a rate higher than any insurance product would be permitted to charge for premiums

9    is itself unconscionable. Such fees are not reasonably related to Bank of America's costs of

10   administering the plan and providing the benefits offered.

11        70.    Plaintiffs and members of the Class have sustained damages as a result of Bank

12   of America's unconscionable policies and practices as alleged herein.

### COUNT THREE – VIOLATIONS OF THE
### WASHINGTON CONSUMER PROTECTION ACT
### (RCW 19.86.090)

15        71.    Plaintiffs restate and re-allege the preceding paragraphs of the Complaint as

16   though set out here word for word.

17        72.    Defendant's Payment Protection plan constitutes "an unfair or deceptive act or

18   practice" for purposes of Washington's Consumer Protection Act. *See* RCW 19.86.090.

19        73.    Defendant's unfair or deceptive acts occur in trade or commerce. *See* RCW

20   19.86.090.

21        74.    Defendant's conduct is so harmful and wide ranging that it has a public interest

22   impact. *See* RCW 19.86.090.

23        75.    Plaintiffs have suffered an injury to their business or property. *See* RCW

Complaint - Page 22

1    19.86.090.

2        76.    Plaintiffs' injuries were caused by Defendant's conduct.  *See* RCW 19.86.090.

3        77.    Through its conduct, as described in preceding paragraphs of this Complaint,

4    Bank of America has committed unconscionable commercial practices, deception, fraud, false

5    pretenses, false promises, misrepresentations, and the knowing concealment, suppression, and

6    omission of material facts with intent that others rely upon such concealment, suppression, and

7    omission, all in connection with the sale of Payment Protection coverage.  This conduct is

8    expressly declared unlawful by the Consumer Protection Act.

9        78.    As a result of Bank of America's activities which offend the Consumer

10   Protection Act, Plaintiffs have suffered an ascertainable loss of money and property.

11   Specifically, Plaintiffs have become responsible for the payments attributable to Payment

12   Protection coverage, even though that service is virtually worthless to Plaintiffs.

13       79.    Plaintiffs seek judicial orders of an equitable nature against Bank of America,

14   including, but not limited to, orders declaring Bank of America's practices to be unlawful,

15   unfair, unconscionable and/or deceptive, and enjoining Bank of America from undertaking any

16   further unlawful, unfair, unconscionable, and/or deceptive acts or omissions.

17       80.    Plaintiffs and the Class seek disgorgement and restitution plus interest on

18   damages at the legal rate, as well as three times the amount of their damages caused by Bank of

19   America's violations of the Consumer Protection Act.

20       81.    Because Plaintiffs seek to enforce an important right affecting the public

21   interest, Plaintiffs request an award of attorneys' fees and costs on behalf of themselves and the

22   Class.

23       82.    Due to Bank of America's violations of the Consumer Protection Act

Complaint - Page 23

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

prohibiting unfair and deceptive acts and practices, Plaintiffs and members of the Class have suffered monetary damages for which Bank of America is liable.

## COUNT FOUR – INJUNCTIVE RELIEF
## PAYMENT PROTECTION RESTITUTION

83.    Plaintiffs restate and re-alleges the preceding paragraphs of this Complaint as though set out here word for word.

84.    Plaintiffs ask the Court to grant the remedy of restitution to them and to all members of the Class who made payments to Bank of America for Payment Protection.  The Plaintiffs ask the Court to grant the following relief:

a)    a refund of all Payment Protection payments made to Bank of America;

b)    a refund to any consumers who were retired at the time they were sold Payment Protection by Bank of America or at any time they paid for Payment Protection;

c)    a refund to any consumers who were ineligible for benefits, or who faced additional restrictions to receive benefits as a result of their health or employment status, at the time they were sold Payment Protection by Bank of America or at any time they paid for Payment Protection;

d)    a refund to consumers who were otherwise not eligible for Payment Protection benefits at any time they paid for Payment Protection; and/or

e)    a refund of all amounts Bank of America assessed for Payment Protection that were in excess of sums which would have been permissible had Bank of America correctly identified the service as insurance.

85.    Plaintiffs seek injunctive relief enjoining Bank of America from continuing to engage in the fraudulent, deceitful, unlawful, and unfair common scheme described in this Complaint.

## COUNT FIVE – DECLARATORY RELIEF

86.    Plaintiffs restate and re-allege the preceding paragraphs of this Complaint as

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

though set out here word for word.

87.     Plaintiffs seek a Declaratory Judgment finding that the conduct of Bank of America is in violation of the Washington Consumer Protection Act, and enjoining them from continuing in such conduct.

## COUNT SIX – UNJUST ENRICHMENT

88.     Plaintiffs restate and re-allege the preceding paragraphs of this Complaint as though set out here word for word.

89.     In seeking to sell credit cards to Plaintiffs and members of the putative Class, Bank of America withheld material terms from consumers prior to activation of Payment Protection charges, including the express benefits, limitations, restrictions, and exclusions associated with the product.

90.     Bank of America was unjustly enriched by charging Plaintiffs and the Class sums for Payment Protection coverage that were in excess of amounts which would have been permissible had Bank of America properly identified the service as insurance.

91.     Bank of America was unjustly enriched by the practice of signing people up for Payment Protection that never agreed to be plan members.

92.     Bank of America was unjustly enriched by the practice of withholding material terms of Payment Protection until after the product was charged to consumers' credit cards.

93.     Bank of America was unjustly enriched by the business practice of making it so impermissibly difficult for consumers to actually receive coverage under Payment Protection that the service was virtually worthless.  Such unconscionable acts include, but are not limited to:

    a)     Denying claims over the phone without written explanation;

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

b)     Denying claims without sufficient investigation;

c)     Requiring claimants to submit excessive and duplicate documentation, and/or;

d)     Establishing a telephone number that does not allow for claimants to speak to a live person, a person in a timely manner, or a person that is properly trained to handle Payment Protection claims, order for the subscriber to successfully file a claim.

94.     Bank of America was unjustly enriched by charging Plaintiffs and the Class members for illusory benefits.

95.     Bank of America was unjustly enriched by charging Plaintiffs and the Class members who were retired or were otherwise not eligible to receive payments by the terms of the Payment Protection plan.

96.     As a result of Bank of America's actions which constitute unjust enrichment, Plaintiffs and Class members suffered actual damages for which Bank of America is liable. Bank of America's liability for those damages should be measured by the extent of its unjust enrichment.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray:

A.     That the Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.  The Plaintiffs are proper class representatives and the best practicable notice of this action is to be provided to members of the Class represented by the Plaintiffs;

B.     That judgment be entered against Bank of America and in favor of Plaintiffs and the Class on the Causes of Action in this Complaint, for injunctive relief as requested above, and for actual, compensatory, punitive, and treble damages in an amount to be

**NELSON BOYD, PLLC**
1700 Seventh Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601

1    determined at trial;

2            C.     That judgment be entered imposing interest on damages, litigation costs,

3    and attorneys' fees against Bank of America;

4            D.     For all other and further relief as this Court may deem necessary and

5    appropriate.

6                                    **JURY DEMAND**

7        Plaintiffs demand a trial by jury consisting of twelve persons on all issues so triable.

8                                    **NELSON BOYD, PLLC**

9

10       BY:     /s/ *Deborah M. Nelson*
                 Deborah M. Nelson, WSBA #23087
                 Jeffrey D. Boyd, WSBA #41260
11               1700 Seventh Ave, Suite 2220
                 Seattle, WA  98101
12               Telephone:  (206) 971-7601
                 nelson@nelsonboydlaw.com
13               boyd@nelsonboydlaw.com

14

15

16

17

18

19

20

21

22

23